IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS ARMANDO DIAZ
c/o 519 H Street NW
Washington, DC 20001

ELIU MONGE RAMIREZ
c/o 519 H Street NW
Washington, DC 20001

RUBEN DIAZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.                                               Civil Action No. _____

ABE CORPORATION
d/b/a KOTOBUKI
4822 Macarthur Blvd. NW
Washington, DC 20007

ABE HISAO
3120 Graydon Street
Falls Church, VA 22042

TAIRA KUBOTA
9935 Blake Lane
Oakton, VA 22124

# COMPLAINT

1.     Defendants employed Plaintiffs at "Kotobuki," a restaurant located at 4822 Macarthur Blvd. NW, Washington, DC 20007. Defendants paid Plaintiffs a weekly salary that denied Plaintiffs minimum and overtime wages.

2.     Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because at least one Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiffs are adult residents of the District of Columbia.

6. Abe Corporation is a District of Columbia corporation. Abe Corporation's primary business address is 4822 Macarthur Blvd. NW, Washington, DC 20007. It does business as Kotobuki. Its resident agent is Washington Consular Services, Inc., 1666 Connecticut Avenue NW, Suite 222, Washington, DC 20009.

7. Abe Hisao is an adult resident of Virginia. He resides at 3120 Graydon Street, Falls Church VA 22042. He founded Abe Corporation. Upon information and belief, he currently owns Abe Corporation. He exercised control over the work assignments, work schedules and pay practices of Abe Corporation.

8. Taira Kubota is an adult resident of Virginia. He resides at 9935 Blake Lane, Oakton, VA 22124. He supervised the day to day operations of Abe Corporation. He exercised control over the work assignments, work schedules and pay practices of Abe Corporation.

**Factual Allegations**

9. Defendant Abe Corporation owns the restaurant named Kotobuki, located at 4822 Macarthur Blvd. NW, Washington, DC 20007.

10. Defendants manage and operate Kotobuki.

**Factual Allegations Specific to Plaintiff Luis Armando Diaz**

11. Plaintiff Luis Armando Diaz worked at Kotobuki from approximately April 10, 2015 until approximately May 15, 2016.

12. Mr. Luis Diaz worked as a sushi chef.

13. As part of his job duties, Mr. Luis Diaz cleaned and cut fish, prepared sushi and cleaned his work station.

14. Mr. Luis Diaz typically and customarily worked six days a week.

15. Mr. Luis Diaz typically and customarily worked the following schedule:

| Day | Hourly Schedule | Break | Hours Worked |
|---|---|---|---|
| Monday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Tuesday | Off | Off | Off |
| Wednesday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Thursday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Friday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |
| Saturday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |
| Sunday | 2:30 p.m. – 9:30 p.m. | No Break | 7 Hours |
| | | | **Total: 59 Hours** |

16. Mr. Luis Diaz worked overtime hours at Kotobuki.

17. Mr. Luis Diaz typically worked overtime hours each and every workweek.

18. Mr. Luis Diaz typically worked approximately 59 hours per workweek.

19. Mr. Luis Diaz typically took off one Saturday every six weeks. On the week when he took off a Saturday, Mr. Luis Diaz worked approximately 48 hours.

20. Mr. Luis Diaz worked approximately 973 overtime hours.

3

21. Mr. Luis Diaz was always paid a weekly salary.

22. During a week in which Mr. Luis Diaz did not work Saturday, Mr. Luis Diaz had approximately one-sixth of his weekly salary deducted.

23. Mr. Luis Diaz was paid at approximately the following salaries:

| Dates of Employment | Salary (worked Sat.) | Effective Hourly Rate (worked Sat.) | Salary (rested Sat.) | Effective Hourly Rate (rested Sat.) |
|---|---|---|---|---|
| Apr. 10, 2015 – Aug. 16, 2015 | $440.00 | $7.46 | $366.67 | $7.64 |
| Aug. 17, 2015 – Dec. 20, 2015 | $470.00 | $7.97 | $391.67 | $8.16 |
| Dec. 21, 2015 – May 15, 2016 | $490.00 | $8.31 | $408.33 | $8.51 |

24. Mr. Luis Diaz was always paid in cash for his work at Kotobuki.

25. Defendants owe Mr. Luis Diaz approximately **$12,655.92** in unpaid minimum and overtime wages.

**Factual Allegations Specific to Eliu Monge Ramirez**

26. Plaintiff Eliu Monge Ramirez worked at Kotobuki from approximately September 1, 2014 until approximately June 12, 2016.

27. Mr. Ramirez worked as a sushi chef.

28. As part of his job duties, Mr. Ramirez cleaned and cut fish, prepared sushi and cleaned his work station.

29. Mr. Ramirez typically and customarily worked six days a week.

30. Mr. Ramirez typically and customarily worked the following schedule:

| Day | Hourly Schedule | Break | Hours Worked |
|---|---|---|---|
| Monday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Tuesday | Off | Off | Off |
| Wednesday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Thursday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Friday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |

| Saturday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |
| Sunday | 2:30 p.m. – 9:30 p.m. | No Break | 7 Hours |
| | | | **Total: 59 Hours** |

31. Mr. Ramirez worked overtime hours at Kotobuki.

32. Mr. Ramirez typically worked overtime hours each and every workweek.

33. Mr. Ramirez typically worked approximately 59 hours per workweek.

34. Mr. Ramirez typically took off one Saturday every six weeks. On the week when he took off a Saturday, Mr. Ramirez worked approximately 48 hours.

35. Mr. Ramirez worked approximately 1591 overtime hours.

36. Mr. Ramirez was always paid a weekly salary.

37. During a week in which Mr. Ramirez did not work Saturday, Mr. Ramirez had approximately one-sixth of his weekly salary deducted.

38. Mr. Ramirez was paid at approximately the following salaries:

| Dates of Employment | Salary (worked Sat.) | Effective Hourly Rate (worked Sat.) | Salary (rested Sat.) | Effective Hourly Rate (rested Sat.) |
| --- | --- | --- | --- | --- |
| Sept. 1, 2014 – Mar. 22, 2015 | $420.00 | $7.12 | $350.00 | $7.29 |
| Mar. 23, 2015 – Sept. 20, 2015 | $470.00 | $7.97 | $391.67 | $8.16 |
| Sept. 21, 2015 – Jan. 24, 2016 | $500.00 | $8.47 | $416.67 | $8.68 |
| Jan. 25, 2016 – Mar. 20, 2016 | $520.00 | $8.81 | $433.33 | $9.03 |
| Mar. 21, 2016 – Jun. 12, 2016 | $540.00 | $9.15 | $450.00 | $9.38 |

39. Mr. Ramirez was always paid in cash for his work at Kotobuki.

40. Defendants owe Mr. Ramirez approximately **$18,506.42** in unpaid minimum and overtime wages.

5

**Factual Allegations Specific to Ruben Diaz**

41.     Plaintiff Ruben Diaz worked at Kotobuki from approximately February 10, 2015 until approximately April 18, 2016.

42.     Mr. Ruben Diaz worked as a sushi chef.

43.     As part of his job duties, Mr. Ruben Diaz cleaned and cut fish, prepared sushi and cleaned his work station.

44.     Mr. Ruben Diaz typically and customarily worked six days a week.

45.     Mr. Ruben Diaz typically and customarily worked the following schedule:

| Day | Hourly Schedule | Break | Hours Worked |
|---|---|---|---|
| Monday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Tuesday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Wednesday | 9:30 a.m. – 9:30 p.m. | 2 Hours | 10 Hours |
| Thursday | Off | Off | Off |
| Friday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |
| Saturday | 9:30 a.m. – 10:30 p.m. | 2 Hours | 11 Hours |
| Sunday | 2:30 p.m. – 9:30 p.m. | No Break | 7 Hours |
| | | | **Total: 59 Hours** |

46.     Mr. Ruben Diaz worked overtime hours at Kotobuki.

47.     Mr. Ruben Diaz typically worked overtime hours each and every workweek.

48.     Mr. Ruben Diaz typically worked approximately 59 hours per workweek.

49.     Mr. Ruben Diaz typically took off one Saturday every six weeks. On the week when he took off a Saturday, Mr. Diaz worked approximately 48 hours.

50.     Mr. Ruben Diaz worked approximately 1057 overtime hours.

51.     Mr. Ruben Diaz was always paid a weekly salary.

52.     During a week in which Mr. Ruben Diaz did not work Saturday, Mr. Ruben Diaz had approximately one-sixth of his weekly salary deducted.

53.     Mr. Ruben Diaz was paid at approximately the following salaries:

6

| Dates of Employment | Salary (worked Sat.) | Effective Hourly Rate (worked Sat.) | Salary (rested Sat.) | Effective Hourly Rate (rested Sat.) |
|---|---|---|---|---|
| Feb. 10, 2015 – Jun. 22, 2015 | $440.00 | $7.46 | $366.67 | $7.64 |
| Mar. 23, 2015 – Sept. 14, 2015 | $470.00 | $7.97 | $391.67 | $8.16 |
| Sept. 15, 2015 – Nov. 16, 2015 | $480.00 | $8.14 | $400.00 | $8.33 |
| Nov. 17, 2015 – Feb. 22, 2016 | $500.00 | $8.47 | $416.67 | $8.68 |
| Feb. 23, 2016 – Apr. 18, 2016 | $520.00 | $8.81 | $433.33 | $9.03 |

54. Mr. Ruben Diaz was always paid in cash for his work at Kotobuki.

55. Defendants owe Mr. Ruben Diaz approximately **$12,773.75** in unpaid minimum and overtime wages.

## GENERAL FACTUAL ALLEGATIONS

56. Typically, Abe Hisau tendered Plaintiffs their cash salary.

57. Typically, Abe Hisau put cash into Plaintiffs' back pocket while they were preparing food. Abe Hisau told Plaintiffs that he did not want them to touch the cash while they prepared food.

58. Taira Kubota supervised Plaintiffs while they prepared food.

59. Both Abe Hisau and Taira Kubota critiqued the quality of Plaintiffs' work.

60. Both Abe Hisau and Taira Kubota controlled Plaintiffs' work schedules.

61. At all relevant times, federal law required a minimum wage of $7.25 per hour.

62. At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

63. The District of Columbia minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the June 30, 2015.

64. Defendants owe Plaintiffs approximately **$43,936.08** in unpaid minimum and overtime wages.

65. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

66. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

67. At all relevant times, Defendants had the power to fire Plaintiffs.

68. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

69. At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

70. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

71. Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

72. Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

73. Defendants failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

74. Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

75. Defendants did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

76. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the minimum wage required by District of Columbia and federal law.

77. At all relevant times, Defendants were aware that that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

78. At all relevant times, Defendants were aware that that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

79. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

80. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

81. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

82. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

83. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

84. Defendants violated the FLSA by knowingly failing to pay Plaintiffs the required federal minimum wage.

85. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

86. Defendants' FLSA violations were willful.

87. For their FLSA violations, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

88. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

89. Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

90. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

91. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

92. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

93. Defendants' DCWPCL violations were willful.

94. For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, on all counts, and grant the following relief:

    a.    Award Plaintiffs **$180,744.33**, the total of the following elements;

    b.    $175,844.33 in wages and damages, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    c.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    d.    Award Plaintiffs reasonable attorneys' fees and expenses at rates in the matrix approved by *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) (as of this date, approximately $4,700.00)

    e.    Award Plaintiffs court costs, (as of this date, $400.00); and

    f.    Award any additional relief the Court deems just.

Date: July 19, 2016                              Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*